IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALEXANDRIA KNIGHT Individually and a/n/f of J.K., a minor | § § § | |
| vs. | § § | CIVIL ACTION NO: |
| SALTGRASS, INC. d/b/a SALTGRASS STEAKHOUSE and LANDRY'S, INC. d/b/a LANDRY'S RESTAURANTS, INC. | § § § § | (JURY) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff ALEXANDRIA KNIGHT a/n/f of J.K., a minor ("Plaintiff") files her Original Complaint against SALTGRASS, INC. d/b/a Saltgrass Steakhouse and LANDRY'S, INC. d/b/a Landry's Restaurants, INC. ("Defendants") and would respectfully show:

I.
PARTIES

1.   Plaintiff ALEXANDRIA KNIGHT is an individual residing in Jackson County, Missouri.

2.   Defendant SALTGRASS, INC. d/b/a SALTGRASS STEAKHOUSE is a Texas company registered and authorized to do business in the State of Texas. This Defendant may be served by serving its registered agent for service of process in Texas: Steven L. Scheinthal, 1510 West Loop South, Suite 800, Houston, Texas 77027.

3.   Defendant LANDRY'S, INC. d/b/a LANDRY'S RESTAURANTS, INC. is a Delaware company registered and authorized to do business in the State of Texas. This Defendant may

be served by serving its registered agent for service of process in Texas: Steven L. Scheinthal, 1510 West Loop South, Suite 800, Houston, Texas 77027.

## II.
## JURISDICTION

4.  This Court has subject-matter jurisdiction of this case under 28 U.S.C. §1332(a) because the controversy is between parties of diverse citizenship and the amount in controversy exceeds $75,000.00.

## III.
## VENUE

5.  Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## IV.
## FACTS

6.  On February 16, 2015 Plaintiff's six-month old daughter, J.K., suffered severe burns to her hand when Defendants' employees placed a scalding-hot metal pan filled with near-boiling barbeque sauce directly in front, and within grabbing distance, of J.K. who was seated in a high-chair.  The over-heated barbeque sauce instantly burned J.K.'s hand causing immediate blistering of the skin.  Screaming and writhing pain, J.K. was rushed to the University of Texas Medical Branch trauma center for emergency treatment of the burn wounds.  J.K. received follow-up care from Shriners Hospitals for Children – Galveston until she was stable enough to travel back to Missouri.

7.   Following the emergency treatment in Texas, J.K. received follow-up treatment of the wounds with her pediatrician.  As a result of her daughter's burn wounds, Alexandria has incurred substantial medical expenses.

8.   Despite the sound medical care received at UTMB and at Shriner's, the severity of the burns required excruciatingly painful cleansing and wrapping of the wounds which constantly invoked bouts of uncontrollable crying and discomfort.

9.   At the time of the injury, Alexandria was a customer of Saltgrass Steakhouse located at 1502 Seawall Blvd., Galveston, Texas 77550.  The restaurant is owned, operated, managed, and/or controlled by Defendants.

## V.
## NEGLIGENCE

10.   Defendants owed certain duties to Plaintiff.  Defendants breached those duties and was negligent in one or more of the following ways:

   a.   Failing to exercise reasonably care in serving restaurant customers, including infants;

   b.   Failing to promulgate reasonable adequate policies and procedures regarding safely serving restaurant customers, including infants;

   c.   Failing to adequately train and supervise employees who serve restaurant customers;

   d.   Failing to serve food at a reasonable temperature so as to avoid undue harm to restaurant customers; and

   e.   Failing to exercise reasonable care to avoid injury to individuals, like Plaintiffs.

11.   Defendants acts and omissions were a proximate cause of Plaintiff's injuries.

## VI.
### *RESPONDEAT SUPERIOR*

12. Defendants are liable for the torts committed by its employees during the course and scope of their employment. Defendants' employees while acting within the course and scope of their employment (and in furtherance of Defendants' business), had a general duty to exercise reasonable care in performing their work. Defendants' employees, however, failed to exercise the requisite standard of care under the circumstances. As a result, Defendants are liable for the injuries sustained by Alexandria and her daughter, J.K.

## VII.
### DAMAGES

13. Plaintiff suffered damages and demands a judgment for all relief to which she may be entitled in law or equity. Plaintiff asks to be fairly and reasonably compensated for each category of damage to which he is entitled, including:

- o  Physical pain and mental anguish suffered in the past and which will reasonably be expected to be suffer in the future;

- o  Disfigurement suffered in the past and which will reasonably be expected to be suffered in the future;

- o  Physical impairment, including loss of enjoyment of life and loss of services, suffered in the past and which will reasonably be expected to be suffered in the future;

- o  Medical expenses and other related costs in the past and which will reasonably be expected to be suffered in the future; and

- o  All other damages to which Plaintiff may be entitled, in law or equity, including but not limited to pre-judgment interest, post-judgment interest, and court costs.

## VIII.
## EXEMPLARY DAMAGES

14. Defendants conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, Defendants conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendants' actual and subjective awareness of such dangers.

## IX.
## CONDITIONS PRECEDENT

15. All conditions precedent have been performed or have occurred as required by Fed. R. Civ. P. 9(c).

## X.
## JURY DEMAND

16. Plaintiff asserts her rights under the 7th Amendment to the United States Constitution and demands, in accordance with Fed. R. Civ. P. 38, a trial by jury on all issues.

## XI.
## PRAYER

17. For the above reasons, Plaintiff prays for judgment against Defendants, with interest on the judgment at the legal rate, pre-judgment interest, costs of court and for such other further relief, both in law and equity, to which Plaintiffs may show herself justly entitled.

Respectfully Submitted,



Clifford D. Peel II
SBN: 24068776
Fed. ID No. 1065189
4888 Loop Central Dr. Suite 530
Houston, Texas 77081
Ph: (713) 300-9980
Fax: (281) 408-4499
Clifford.Peel@SmithPeel.com

**ATTORNEY FOR PLAINTIFF**